No. XXVI.

Allen v. Scott et al.

*Appeal from Bowie County.*

MORRIS, Justice.—This cause originally commenced in the District Court of Bowie County, and was ordered to be transferred by the judge of that court to the southern division of Red River County, which has been organized into a judicial district by the last Congress. The court is of opinion that this is such a judgment as can be appealed from. They further think, that the law organizing these judicial districts is unconstitutional and void, because it violates the spirit of the Constitution and is at war with its plain meaning and intent, in this: That from the Constitution it is plain that a district court should be held in

---

Ennis, 1 T., 184; Groce v. Herndon, 2 T., 410; Claiborne v. Yoeman, 15 T., 44; Nelson v. Bagby, 25 T. Supp., 305; Moss v. Witcher, 35 T., 388; Llano Improvement Co. v. Cross, 5 T. C. A., 175, 178; Exell v. Edwards, 2 App. C., sec. 769; Fire Ass'n v. Laning (T. C. A.), U. R. C., 1895.

each county of the Republic; the officers incident to that court being expressly provided for and required in each county. Vide, art. 4, secs. 6-12.

That these officers are limited in number and have special duties, not only under the provision of the statutes but also under the intendment of the Constitution itself.

That this law requires a clerk, who is the custodian of the court's records, to keep them at several and distinct places at one and the same time, which compels him to the appointment of a deputy, which Congress can not do; doing indirectly what they can not do directly, in evasion of the Constitution. That the process of a court of general jurisdiction over a whole county must extend to each part and portion of that county.

This law recognizes the courts held in the various divisions of a county as being identically the same; but restrains its process and powers within other than the county limits.

If this power exists to extend this privilege to one precinct, it must exist to extend to an indefinite number of precincts; and a court could be held at each man's house in every county. But the Constitution having prescribed the requisite number of persons and extent of territory necessary to the establishment of a county, and each county being entitled to a court, a limit is fixed to the power of Congress in that respect; which by means of this law they attempt to evade and set at naught.

Even though the question of public policy be not a matter for judicial interference, still when an act is violently at war with such policy, it would afford a strong argument against its constitutionality, if the power to pass such act be not expressly given; and finally, because the law which has been passed is so foreign from even any inference that could be drawn from the Constitution, that we can not presume that it ever entered into the imagination of the framers of that instrument that such an act would be attempted; and hence the only difficulty of proving its unconstitutionality. For these and other grounds we decide that law to be unconstitutional, and order and adjudge that the judgment of the court below, transferring this cause to the said district, be set aside and annulled, and the case remain for adjudication in the records of Bowie County, where it was properly brought.

An extended opinion in this cause will be filed in the records of the court at or before the next term of this court; this being intended merely as an abstract of some of the points on which it will be based.

Judge Wm. E. Jones says: "I give no opinion in this case."

<hr>

[2] Apparent legal holder or owner may sue in his own name, though actual ownership is in another. Thompson v. Cartwright, 1 T., 87; Gayle v. Ennis, 1 T., 184; McMillan v. Croft, 2 T., 397; Groce v. Herndon, 2 T., 410; Hays v. Cage, 2 T., 501; Fowler v. Willis, 4 T., 46; Andrews v. Hoxie, 5 T., 171; Mertel v. Hernsheim, 5 T., 205; Thomas v. Young, 5 T., 253; Knight v. Holloman, 6 T., 153; Butler v. Robertson, 11 T., 142; Frazier v. Moore, 11 T., 755; De Cordova v. Atchison, 13 T., 372; Guest v. Rhine, 16 T., 549; Wimbish v. Holt, 26 T., 673; Rider v. Duval, 28 T., 622; Barnett v. Logue, 29 T., 282; Zachary v.